# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERIEL EDWARDS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-18-347-SPS |
| CITY OF MUSKOGEE, a municipal corporation; STEVEN HARMON; BOBBY LEE; GREG FOREMAN; and DILLON SWAIM, | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the Court on motion by Defendants City of Muskogee for dismissal of the Plaintiff's Second Amended Complaint as a matter of law. For the reasons set forth below, the Court finds that the Defendant City of Muskogee's Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support [Docket No. 35] should be hereby GRANTED.

The Plaintiff filed this case on October 23, 2018, naming the City of Muskogee, as well as a number of individual defendants. Plaintiff has amended his Complaint twice, but each version of the Complaint, including the most recent Second Amended Complaint, alleged a Fourth Amendment claim pursuant to 42 U.S.C. §1983 against the individual defendants, as well as a claim under the Oklahoma Constitution, *i. e.*, a *Bosh*[1] claim, as to the City of Muskogee.

---

[1] *Bosh v. Cherokee County Building Authority*, 2013 OK 9, 305 P.3d 994,

After the filing of each Complaint and Amended Complaint thereafter, the City of Muskogee has moved to Dismiss Plaintiff's Complaint as a matter of law, asserting that the *Bosh* claim was unavailable because Plaintiff had a viable claim under the Oklahoma Governmental Tort Claims Act ("OGTCA"). *See* Docket Nos. 17, 22, 35. Most recently, Plaintiff filed his Second Amended Complaint [Docket No. 33], and the City of Muskogee filed its Motion to Dismiss [Docket No. 35] on April 3, 2019. Plaintiff failed to timely respond, then sought leave of the Court to respond out of time, stating that he would be confessing Defendant's Motion to Dismiss and submitting an agreed Order to the Court reflecting this confession. The Court granted this motion. *See* Docket Nos. 41-42. On April 23, 2019, Plaintiff filed his response, in which he *did* confess Defendant's Motion to Dismiss his *Bosh* claim, acknowledging that the claim should have been asserted under the OGTCA. However, instead of submitting an agreed Order for the Court, Plaintiff in his response sought leave to amend his Complaint for a third time. Defendant City of Muskogee has objected to Plaintiff's request. Accordingly, Defendant's Motion to Dismiss should be granted, and the Court turns to the remaining question as to whether Plaintiff should be granted leave to amend his Complaint a third time.

Fed. R. Civ. P. 15(a)(2) states that a party may amend a Complaint with the opposing party's consent or by leave of the Court, and that the Court "should freely give leave when justice so requires." However, when the Court sets deadlines in a scheduling order, such "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Tenth Circuit has therefore held that "parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so."

*Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Assoc.*, 771 F.3d 1230, 1240 (10th Cir. 2014). Under this standard, the focus is "on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts." *Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001), *quoting Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). Examples establishing good cause include: (i) "information learned through discovery[,]" (ii) "a change in the law[,]" or (iii) learning the name of a party after the deadline to amend. *Pumpco*, 204 F.R.D. at 668. In contrast, leave to amend is denied where a moving party cannot establish excusable neglect or "where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend." *Federal Ins. Co. v. Gates Learjet Co.*, 823 F.2d 383, 387 (10th Cir. 1987). Moreover, the Tenth Circuit has stated, "[W]e do not favor permitting a party to attempt to salvage a lost case by untimely suggestion of new theories of recovery[.]" *Viernow v. Euripides Development Corp.*, 157 F.3d 785, 800 (10th Cir. 1998). Furthermore, the Tenth Circuit has "often found untimeliness alone a sufficient reason to deny leave to amend." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994).

Here, Plaintiff asserts that leave to amend "seems to serve the interest of justice" because the OGTCA is his only remedy as to this Defendant, and he asserts that no Defendant will be prejudiced by amendment as this stage of the case. However, Defendant City of Muskogee properly points out that the first Motion to Dismiss filed in December 2018 placed Plaintiff on notice that the OGTCA was his only remedy—well before the

March 1, 2019 deadline for Amended Pleadings. In light of the above-listed facts, the Court therefore finds that Plaintiff has not established good cause warranting leave to amend his Complaint a third time. *See, e. g.*, *Ochieno v. Sandia National Laboratories*, 2019 WL 161503, at *4 (D. N.M. Jan. 10, 2019) (Denying leave to amend where "[p]laintiff seeks to make the complaint 'a moving target' in an effort to save his case from dismissal."), *quoting Viernow*, 157 F.3d at 800.

## CONCLUSION

Consequently, IT IS ORDERED that the Defendant City of Muskogee's Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support [Docket No. 35] is hereby GRANTED. Plaintiff's request for leave to amend his Second Amended Complaint is hereby DENIED.

**DATED** this 9th day of May, 2019.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma